UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY DONELL MCCKAY (# 326162)

VERSUS                                                              CIVIL ACTION

VERNON BOURGEIOUS, ET AL                          NUMBER 09-350-JJB-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY DONELL MCCKAY (# 326162)

VERSUS                                                          CIVIL ACTION

VERNON BOURGEIOUS, ET AL                        NUMBER 09-350-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Avoyelles Correctional Institute, Cottonport, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Terrebonne Sheriff Vernon Bourgeious, Louisiana State Penitentiary Warden Burl Cain and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or

after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on September 13, 2008, he and 151 other prisoners were evacuated from Terrebonne Parish Jail in advance of a hurricane. Plaintiff alleged that he and the other evacuees were sheltered in the main prison gymnasium where there were only three toilets, one urinal and one sink available for the 151 evacuees. Plaintiff alleged that there was standing water in the bathroom and the gymnasium was infested with spiders, rodents, birds and cats. Plaintiff alleged that the animals defecated in the gymnasium and got into his belongings. Plaintiff alleged that he and the other prisoners slept on mattresses on the floor.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions of confinement.

Plaintiff named Sheriff Bourgeious, Secretary LeBlanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff alleged that other prisoners sheltered at the main prison gymnasium were subjected to unconstitutional conditions of confinement.

The right to bring an action under the civil rights act is personal in nature and may not be asserted by third parties. *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986). All persons who claim

a deprivation of constitutional rights must prove some violation of their personal rights. *Id.* Plaintiff's claim regarding the alleged deprivation of rights of other inmate sheltered in the main prison gymnasium is not a personal right which he may assert.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 42 U.S.C. § 1997e(e).

Signed in Baton Rouge, Louisiana, on June 30, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**